UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-45-HRW

GLENDA LESTER,                                                  PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on April 30, 2003, alleging disability beginning on November 13, 2002, due to a hear attack, carpal tunnel syndrome,

1

pain in the left foot, lower back, neck and shoulders, disc degeneration, anxiety and depression. This application was denied initially and on reconsideration. On May, 19, 2004, an administrative hearing was conducted by Administrative Law Judge James D. Kemper, Jr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 616-635). At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified (Tr. 635-638).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 28, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21).

Plaintiff was 50 years old at the time of the hearing decision (Tr. 13). She has a tenth grade education (Tr. 13). Her past relevant work experience consists of work as a construction laborer (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.13). The ALJ then determined, at Step 2, that Plaintiff suffered from coronary artery disease and a personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 14, 20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14). In doing so, the ALJ specifically considered listings 4.00, 4.02, 4.03, 4.04, 12.00, 12.05. 12.06 and 12.08 (Tr. 14-15). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 20) but determined that her has the following residual functional capacity ("RFC"):

> She is moderately limited in her ability to understand, remember and carry out detailed instructions; maintain attention and concentration for extended period; interact appropriately wit the general public; and respond

3

>appropriately to changes in the work setting. She is able to understand, remember and carry out simple instructions; make simple work related decisions and adjustments, respond appropriately to supervisors and coworkers in a task versus public oriented setting; and deal with routine changes in a simple task setting.

(Tr. 20).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of medium work, such as clerical worker, product packager and laundry worker (Tr. 20). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 11, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

4

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the state agency consultative physician's opinion was based upon incomplete medical evidence and by relying upon the opinion, the ALJ erred. Specifically, Plaintiff states that the consultative physician, Edward Stoola, Ph.D., completed his psychological residual functional capacity assessment n December 11, 2003 (Tr. 582-584). Plaintiff then points out

5

that the first record from the Mountain Comprehensive Care Center is dated January 21, 2004. As such, Plaintiff maintains that Dr. Stoola's opinion was based upon an incomplete record.

It is clear from the ALJ's written decision that he considered the medical evidence of record as a whole, rather than limiting his consideration to the report of the consultative physician, as Plaintiff seems to suggest. Although the ALJ did specifically refer to Dr. Stoola's report as supporting his finding that Plaintiff could perform a significant range of medium word (Tr. 18), the ALJ refereed to numerous other medical sources (Tr. 14-18), including the treatment notes from Mountain Comprehensive Care Center (Tr. 17). Indeed, the ALJ discusses Plaintiff's course of treatment at that facility, beginning in January 2004 (Tr. 17). The ALJ specifically notes that the records show "the claimant's mood and symptoms have improved since she began treatment in January 2004" (Tr. 17).

Notably, Plaintiff does not argue that the treatment notes from the Mountain Comprehensive Care Center are inconsistent with or contradictory to the opinion of Dr. Stoola. Rather, Plaintiff simply asserts that as the records were not available to Dr. Stoola, his opinion should be disregarded. This argument ignores the fact the ALJ considered the subject records. The Court is mindful that it is the ALJ who is charged with formulating the RFC and make the legal determination

6

of disability. *See generally, King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). The Court finds that the ALJ properly considered the credible medical evidence of record and made his determination of no disability based upon substantial evidence. As such, the Court finds the ALJ committed no error.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 11th day of October, 2005.

*/s/ signature*
HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE